IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Gary Tews and Edith Coleman, individually and on behalf of other similarly situated employees,<br><br>      Plaintiffs,<br><br>v.<br><br>Renzenberger, Inc.,<br><br>      Defendant.<br><br>Serve:  The Corporation Company<br>515 South Kansas Avenue<br>Topeka, KS 66603 | Case No. 08-CV-2064 JWL/JPO<br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

For their Complaint against Defendant Renzenberger, Inc., Plaintiffs Gary Tews and Edith Coleman, individually and on behalf of all those similarly situated, by and through their counsel, state and allege as follows:

### JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in the United States District Court, District of Kansas, pursuant to 28 U.S.C. § 1391, because Defendant does business in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## **PARTIES**

3. Plaintiff Gary Tews is a resident of Nebraska and worked as a road driver for Defendant's Maryville, Kansas location during the applicable statutory period.

4. Plaintiff Edith Coleman is a resident of Kansas and worked as a road driver for Defendant's Maryville, Kansas location during the applicable statutory of period.

5. Defendant Renzenberger, Inc., P.O. Box 14610, 14325 W. 95th Street, Lenexa, Kansas 66285, is a Kansas corporation with a principal place of business in Lenexa, Kansas. Defendant may be served at its registered agent, The Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603.

6. Defendant provides personnel transportation services for the railroad industry, and does business within the state of Kansas and in numerous other states around the country. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiffs and the similarly situated employees are individuals currently or formerly employed by Defendant as road drivers who transport railroad workers within and between railroad yards and other locations.

## **COLLECTIVE ACTION ALLEGATIONS**

8. Plaintiffs bring their claims as a collective action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A. Also included in Exhibit A are the written consent forms of additional similarly situated individuals who are interested in

joining this case as opt-in Plaintiffs. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as opt-in Plaintiffs.

9. Section 7 of the FLSA, codified at 29 U.S.C. § 207, requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

10. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

11. During the statutory period, as Defendant's road drivers, Plaintiffs and the similarly situated employees routinely worked in excess of forty (40) hours per week without overtime compensation.

12. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a result, Plaintiffs and the similarly situated employees suffered a loss of wages.

13. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 211.

14. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## COUNT I

### Violation of the Fair Labor Standards Act
### (Brought on Behalf of Plaintiffs and All Others Similarly Situated)

15. Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 14 above.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

17. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

18. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

19. Defendant willfully violated the FLSA by failing to pay its road drivers for overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its road drivers.

20. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to drivers, including Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

21. Upon information and belief, the individually named Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation

policy. This uniform policy, in violation of the FLSA, has been applied to all road drivers.

22. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by § 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

23. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

24. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## COUNT II

### Retaliation
### (Brought on behalf of Plaintiff Gary Tews)

25.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 24 above.

26.     It is a violation of 29 U.S.C. § 215(a)(3) "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter."

27.     Any employer who violates the provisions of 29 U.S.C. § 215(a)(3) "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

28.     In January 2008, Plaintiff Gary Tews requested a transfer to Defendant's Needles, California location.

29.     In early February 2008, Defendant informed Plaintiff Tews that he could transfer to Defendant's Needles location if that location had any openings for road drivers.  Plaintiff spoke with the site supervisor at the Needles location, who had an opening for a road driver position.  The site supervisor agreed to hold the position for Plaintiff.

30.     On February 8, 2008, Plaintiff Tews filed his Complaint against Defendant alleging violations of the FLSA (Dkt. #1).

31.     Plaintiff Tews departed for Needles on February 13, 2008 and arrived on February 21, 2008.

6

32. Plaintiff Tews phoned the site supervisor in Needles on February 22, 2008 and agreed to come into the office on February 25, 2008. On February 25, 2008, Plaintiff reported to the Needles office, and the regional supervisor refused to allow him to begin work, effectively terminating his employment.

33. Defendant willfully and recklessly terminated Plaintiff Tews' employment in violation of 29 U.S.C. § 215(a)(3).

## DEMAND FOR JURY TRIAL

34. All Plaintiffs hereby request a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

35. The Plaintiffs, on behalf of themselves and all similarly situated employees, designate Kansas City, Kansas as the place for trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all road drivers who are currently employed or who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime compensation for all hours worked over forty in any workweek during the statutory period;

2. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

3. Judgment against Defendant that its violations of the FLSA were willful;

4. An amount equal to the overtime damages as liquidated damages;

5. To the extent liquidated damages are not awarded, an award of prejudgment interest;

6. Judgment against Defendant for Plaintiff Gary Tews' reinstatement, back and front pay, emotional distress damages, punitive and/or liquidated damages, and all other damages available at law, as applicable;

7. All costs and attorneys' fees incurred in prosecuting these claims;

8. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

9. Leave to amend to add a minimum wage claim;

10. Leave to amend to add additional claims of retaliation;

11. Leave to amend to add claims under applicable state laws; and

12. For such further relief as the Court deems just and equitable.

February 26, 2008         Respectfully submitted,

STUEVE SIEGEL HANSON, LLP

/s/ George A. Hanson
George A. Hanson, KS Bar No. 16805
460 Nichols Rd., Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Fax: (816) 714-7101
hanson@stuevesiegel.com

and

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918*
Paul J. Lukas, MN Bar No. 22084X*
Charles G. Frohman, MN Bar No. 0386695*
      *admitted pro hac vice
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: frohman@nka.com

ATTORNEYS FOR PLAINTIFFS